# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re WDRL-TV, INC.                    )    Case No. 06-61051
                                       )
            Debtor,                    )
                                       )

### AMENDED MEMORANDUM AND ORDER[1]

This matter comes before the court on an "Application for Oral Hearing" by the Debtor. On May 2, 2007, Charter Communications VI, LLC ("Charter"), the Debtor, MNE LLC, Melvin N. Eleazer and Liberty University, Inc., entered into a stipulated agreement by which they agreed that "Charter is the holder of an allowed unsecured claim against the Debtor in the actual amount of $647,467.01."[2]

They further agreed that Charter would be allowed attorneys' fees in an amount to be determined by this court after Charter filed an application for fees. The parties further agreed that the Debtor and the United States trustee could file any objections to the fee application as they deemed appropriate within 14 days of the filing of the fee application. They further agreed that the court would consider the application and any objections filed and would determine the amount of the fees to be allowed. The parties further agreed that the parties, and each of them, waived any

---

[1] This Amended Memorandum and Order is entered for the sole purpose of clarifying the amount of principal and interest agreed to by the parties. It does not in any other way alter the original memorandum and order that denied the motion for a hearing.

[2] This amount includes principal, interest, and some, but not all, of the attorney's fees requested by Charter. Of this amount the parties are in agreement that 316,978.67 (principal and interest) should be allowed.

1

right to appeal the determination of the amount of fees by this court.

Charter filed the fee request, which, including detailed time sheets, consists of 255 pages. The Debtor filed an objection and Charter filed a reply.

On July 16, 2007, the Debtor filed an application for oral hearing. It states "[b]y the filing of an objection to Charter's Proof of Claim the Debtor raises several specific objections to the Charter claim as to which it will be necessary to conduct an evidentiary hearing at which oral and other evidence will be introduced."

The Debtor has stipulated to the amount of Charter's claim. It is equal to $316, 978.67, plus the amount of fees awarded by this court. The Debtor has waived any right to object to the amount of the claim, other than by the filing of a response to the fee application. Accordingly, the motion for a hearing will be denied.

## **ORDER**

The motion of the Debtor for an oral hearing for the purpose of introducing evidence in support of an objection to Carter's claim is denied.

So ORDERED.

Upon entry of this Order the Clerk shall forward a copy to Steven L. Higgs, Esq., George A. McLean, Jr., Esq., Peter M. Pearl, Esq., Peter Brodell, Esq., and Howard J. Beck, Jr. Esq.

Entered on this  17th  day of August, 2007.

_____
William E. Anderson
United States Bankruptcy Judge